# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIEL AYANNA,  )<br>    Plaintiff  )<br>  )<br>    v.  )<br>  )<br>DECHERT, LLP,  )<br>    Defendant,  )<br>  ) | **CIVIL ACTION**<br>**NO. 10-CV-12155-NMG** |

## ORDER ON DEFENDANT'S MOTION TO COMPEL

### October 20, 2011

**SOROKIN, M.J.**

In this employment discrimination case, Defendant moves to compel Plaintiff to comply with his obligation under FED. R. CIV. P. 26(a)(1)(A)(iii) requiring "a computation of each category" of damages claimed." Plaintiff contends he complied, fully, with the rule when he made the following disclosure:

> all damages available to him under the statutes, including back pay (less mitigation), future lost wages, emotional distress, punitive damages, prejudgment interest, and attorneys' fees and costs. Ayanna also seeks the lost bonuses and benefits of his employment, including, but not limited to, medical insurance, retirement benefits, life insurance, and the like, which are not susceptible of precise calculation at this time. Damages for emotional distress, punitive damages, and interest cannot be determined with any degree of precision.

Two arguments advanced by the Plaintiff are not defenses to the motion or Plaintiff's obligation to comply with the Rule. First, that Defendant has not complied with all of its disclosure obligations does not excuse Plaintiff's obligations (except insofar as Defendant's disclosures are

actually necessary for Plaintiff to make his determinations).  Second, that certain topics (such as punitive damages or emotional distress) are committed to the discretion of the jury does not relieve the Plaintiff from his obligations under the Rule.

Plaintiff must supplement his disclosure and shall do so within ten days of this Order.  The language of the Rule calls for more than a listing of the category of damages – it requires the Plaintiff to place a numerical value on each category of damages.  See City & Cnty. of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003) (plaintiff must provide its computation of damages in sufficient detail so as to enable defendant to understand contours of potential exposure and make informed decisions regarding settlement and discovery; this requires more analysis beyond merely setting forth a lump sum amount for claimed damages).  The purposes behind this requirement are clear and include providing a measure that all concerned – Plaintiff, Defendant, and Court - may look to, in part, in evaluating the scope or seriousness of the claims.  In some circumstances a Plaintiff might reasonably defer placing a numerical value on a category of damages pending receipt of further information, but then the Plaintiff must do more than identify the damage category.  He must sketch the parameters of the damages and supplement when he receives the further information.

Accordingly, the Motion to Compel is ALLOWED except that the request for sanction is DENIED.

    /S/ Leo T. Sorokin
    LEO T. SOROKIN
    MAGISTRATE JUDGE