## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARIEL AYANNA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 10-CV-12155-NMG** |
| DECHERT, LLP, | ) | |
| Defendant, | ) | |

## ORDER ON PENDING DISCOVERY MOTIONS

### December 19, 2011

**SOROKIN, M.J.**

Pending before this Court is Plaintiff's Motion to Compel the Production of Documents and for Sanctions (Docket #38) and Plaintiff's Motion to Compel Answers to Interrogatories, or, in the Alternative, for Additional Interrogatories and for Leave to Conduct Follow-Up Discovery and for Sanctions (Docket #40). Defendant has also submitted to the Court a discovery dispute concerning Defendant's wife's medical diagnosis and treatment (Docket #37).

The disputes Plaintiff raises have been made substantially more difficult to resolve by Plaintiff's failure, twice, to comply with the applicable Local Rule. Initially, Plaintiff filed a nine page motion for an extension of the discovery period which detailed a variety of alleged discovery violations by Defendant. Given the focus on Defendant's discovery responses, the Court also treated the motion as one to compel, noted it failed to comply with Local Rule 37.1 requirement to include each request and response, and directed the parties to submit in advance of the upcoming status

conference "simply the discovery request and the discovery response" which are the subject of live discovery disputes (Docket #36). Plaintiff disregarded the Court's directive and instead filed full blown motions to compel necessitating substantial briefing by both sides. Although the Court's prior order (Docket #36) brought to counsel's attention the specific requirements of Local Rule 37.1 applicable to motions to compel, Plaintiff's subsequent full-blown motions to compel failed to comply with this Rule as well as the Court's Order. While these failures by counsel are a sufficient and just basis to deny the motions, the Court does not do so to promote resolution of this dispute on the merits. However, the Court will summarily deny future motions filed by Plaintiff that fail to comply with the Local Rules or the Court's Orders. In addition, in the event of an award of attorney fees to Plaintiff in this case, the award shall exclude the fees attributable to the pending motions as a sanction under Local Rule 37.1.

    1. <u>Defendant's Discovery Requests.</u>

Defendant's requests for discovery (Docket #37) are hereby ALLOWED. Plaintiff shall answer the two interrogatories at issue within thirty days of this Order.

    2. <u>Plaintiff's Motions to Compel Documents</u>.

Plaintiff's Motion to Compel the Production of Documents is ALLOWED IN PART and DENIED IN PART and the request for sanctions is DENIED.

The Motion to Compel is DENIED regarding Requests Numbers 2, 3, 9, 10, 12, 13, 14, 15, 18, 19, 21, 42, 50, 51, 64, 66, 84, 86, 87, 93, and 94. Among other reasons, these requests are all substantially overly broad and unduly burdensome. Discovery is not a fishing expedition.[1] In

---

[1] Perhaps the fishing nature of the discovery Plaintiff seeks is best illustrated by Plaintiff's request for the entire personnel record of every associate in the United States since 2005 including "all types of performance evaluations." Further making the point, when pressed

addition, some of these requests call for the production of privileged documents.

Regarding Request Number 20, the request is DENIED on the grounds that Defendant is not contending Plaintiff was terminated as part of a reduction in force.

The remaining requests are all DENIED except to the extent noted below.

Regarding Request Number 4, Defendant shall respond for United States associates for the period 2007 and 2008.

Regarding Request Number 16, Defendant shall produce the documents regarding the reason(s) for the termination of the approximately six associates Defendant has indicated were terminated with Plaintiff due to the "fair" rating.

Regarding Request Number 17, Defendant shall produce the documents regarding the reason(s) for the termination of the associate described in footnote 5 of page 5 of Defendant's position statement to the MCAD.

Regarding Requests Numbers 43 and 85, Defendant shall produce the monthly billable and billed hours for FSG associates in total for 2008.

Regarding Request Number 50, Defendant shall produce the compensation, salary, bonus, and pay structure applicable to Plaintiff in 2008 and the same for 2009, 2010, and 2011 that would have been applicable to Plaintiff as an FSG associate had he remained with the firm.

Regarding Requests Numbers 61 and 62, Defendant shall produce the name of any United

---

at the hearing whether Plaintiff sought every email between partners and associates containing any sort of evaluative comment, e.g. the email complementing or criticizing a draft memo, pleading, discovery request, letter etc. prepared for a partner by an associate, Plaintiff's counsel was unwilling to state unequivocally that she did not seek such documents (Docket #43, Transcript at 24-35). Indeed, she indicated she might want to seek to depose the partner writing such an email. Id.

States associate attorney taking twelve weeks of FMLA leave since January 1, 2006, whether the attorney remains with the firm and, if not, the reason(s) for departure, and whether the leave was paternity leave.

Regarding Request Numbers 63 and 66, Defendant shall produce documents discussing any request for paternity leave made by Kenneth Earley or Thomas Gierath and shall indicate the amount of paternity leave taken by each.

Regarding Request Number 67, Defendant shall produce the billable hours by month for the FSG associates in Munich during the time period Plaintiff worked in Germany excluding the time period, if any, while he was on leave.

Defendant shall have thirty days to produce the foregoing additional discovery.

3. <u>Plaintiff's Motion to Compel Interrogatories.</u>

Plaintiff's Motion to Compel Answers to Interrogatories is ALLOWED IN PART and DENIED IN PART and the request for sanctions is DENIED.

The Motion to Compel further responses to Interrogatories Numbers 5, 6, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, and 21 is DENIED. These interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably likely to lead to relevant information. In addition, some requests seek privileged information.

The Motion to Compel is DENIED regarding all the remaining interrogatories except as noted below.

Regarding Interrogatory Number 7, Defendant shall identify FSG associates receiving the same "fair" rating as Plaintiff in 2008, whether the associate took FMLA leave in 2007 or 2008, whether the associate remains with the firm, and, if not, the reason(s) for departure.

Regarding Interrogatory Number 14, Defendant shall respond.

In light of my ruling, I need not address Defendant's argument concerning the number of interrogatories posed by Plaintiff.

Defendant shall have thirty days to produce the foregoing additional discovery.

4. Conclusion.

Accordingly, Plaintiff's Motions to Compel (Docket #s 38 and 40) are ALLOWED IN PART AND DENIED IN PART and the Defendant's Request for Discovery (Docket #37) is ALLOWED. The parties are hereby given thirty days with which to comply with this Order notwithstanding that the period for fact discovery has ended (and the Court is not now reopening fact discovery).

The Court revises the governing schedule and trial date in this matter as follows: Plaintiff's expert disclosures are due January 30, 2012; Defendant's expert disclosures are due February 29, 2012; the period for expert discovery concludes March 31, 2012; summary judgment motions are due April 30, 2012, with responses due May 30, 2012 (no replies without prior leave of Court). The trial date is reset to October 9, 2012, with a final pretrial conference August 7, 2012, at 3:00 p.m.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE