**United States District Court**
**District of Massachusetts**

```
_____
                            )
ARIEL AYANNA,               )
          Plaintiff,        )
                            )
          v.                )     Civil Action No.
                            )     10-12155-NMG
DECHERT LLP,                )
          Defendant.        )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Ariel Ayanna ("Ayanna") sues defendant Dechert, LLP ("Dechert") for violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2) (Count I) and sex discrimination (Count II) and handicap discrimination (Count III), both in violation of M.G.L. c. 151B, § 4(1) ("Chapter 151B").

Currently before the Court is defendant's motion to dismiss Count III and plaintiff's opposition thereto.

## I.  Background

Ayanna, a male attorney, was an associate at Dechert from September, 2006 until his termination in December, 2008. He is married and has two small children. His wife suffers from chronic mental illness.

Ayanna contends that his first year of employment at Dechert was a success: he met Dechert's billable hours requirement, received positive performance reviews and was awarded a

-1-

substantial bonus.  During his second year, however, his professional life purportedly took a drastic downturn.  Plaintiff explains that, during that year, his wife suffered a worsening in her condition while she was pregnant with their second child and attempted to commit suicide.  To care for his wife and children, Ayanna used Dechert's four weeks of paid paternity leave and his federal entitlement under the Family and Medical Leave Act ("FMLA").  He continued to care for his wife and to be the primary caretaker for his children after his return to work.

Ayanna contends that his decision to take leave and to prioritize family obligations did not comport with Dechert's firm culture which he asserts is dominated by a traditional male "macho" stereotype of relegating family responsibilities to the distaff side.  Ayanna claims that Dechert accommodates its female associates who have caretaking responsibilities but refuses to do the same for male associates.  Dechert allegedly retaliated against Ayanna for taking time off by withholding assignments to him, falsely evaluating his performance and, ultimately, terminating his employment.

II.  **Procedural History**

In September, 2009, Ayanna filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").  Shortly thereafter, however, he gave notice to both agencies of

the removal of his claims in order to file a private civil action.  The EEOC informed Ayanna in June, 2010 that he had 90 days to file any lawsuit alleging violations of Title VII or the Americans with Disabilities Act ("ADA") and that failure to file would cause a waiver of his right to those claims.

Ayanna missed that deadline but nevertheless filed a complaint with this Court on December 14, 2010 alleging violations of the FMLA, Title VII and the ADA as well as sex discrimination under Chapter 151B. He voluntarily dismissed the claims under Title VII and the ADA in February, 2011.

On February 28, 2011, Dechert filed an answer denying the allegations against it and asserting 16 affirmative defenses. Ayanna subsequently filed an amended complaint to add a new count for handicap discrimination under Chapter 151B based on his association with his mentally ill wife.

Dechert has answered each count of the amended complaint except the added count, which it has moved to dismiss for failure to state a claim.  Dechert contends that "associational claims" are not permitted under Massachusetts law.  Plaintiff opposes the motion and, in the alternative, asks the Court to certify to the Massachusetts Supreme Judicial Court ("the SJC") the question of whether associational claims are permitted under Chapter 151B.

-3-

III. **Analysis**

    A.   **Legal Standard**

       To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

    B.   **Application**

       Although Count III of the amended complaint asserts a claim for discrimination based upon "association with a disabled individual" under M.G.L. c. 151B, § 4(1), that subsection does not offer protection for disabled individuals.[1] The Court will

---

      [1] Section 4(1) provides that it is unlawful for an employer to discharge or otherwise discriminate against any person

      because of ... race, color, religious creed, national origin, sex, sexual orientation, ... genetic information,

accordingly construe plaintiff's claim pursuant to § 4(16), which provides that an employer may not

> dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation ....

To establish a prima facie case of handicap discrimination under that provision, an employee must show 1) he was handicapped within the meaning of the statute, 2) he was capable of performing the essential functions of the job with reasonable accommodation, 3) he was subject to an adverse action by his employer and 4) the position he had occupied remained open and the employer sought to fill it. City of New Bedford v. Massachusetts Comm'n Against Discrimination, 440 Mass. 450, 461-62 (2003). A "qualified handicapped person" is defined as

> a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap.

Id. § 1(16). The statute defines a "handicapped person" as "any person who has a handicap," M.G.L. c. 151B, § 1(19), and defines "handicap" to mean

> (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b)

---

> or ancestry.... unless based upon a bona fide occupational qualification.

a record of having such impairment; or (c) being regarded
as having such impairment ....

Id. § 1(17).

The dispositive issue for purposes of defendant's motion to
dismiss is whether an admittedly non-handicapped employee has
standing under § 4(16) to bring an "associational" claim, that
is, a claim alleging that he was subject to adverse employment
action because of his association with a handicapped person.

Indisputably, the relevant statutory provisions do not
expressly include "associated persons" but only a person alleging
to be a qualified handicapped person who has been discriminated
against because of his handicap.  Nonetheless, the MCAD, the
administrative agency tasked with interpreting and enforcing
Chapter 151B, has found that an individual associated with a
handicapped person has standing under § 4(16).  See Hamer v.
Cambridge Sch. Dep't, 21 Mass. Discrimination L. Rep. 154 (1999);
Dittbenner v. Hapco Auto Parts, Inc., 11 Mass. Discrimination L.
Rep. 1139 (1989).  An individual's association with a member of a
protected class, the MCAD has found, falls squarely within the
interests to be protected and regulated by the discrimination
statute.  Dittbenner, supra (quoting Adickes v. Kress & Co., 398
U.S. 144 (1969) ("Few principles of law are more firmly stitched
into our constitutional fabric than the proposition that a State
must not discriminate against a person because of his race or the
race of his companion....")).

-6-

The MCAD's interpretation of its governing statute is entitled to substantial deference but does not carry the force of law.  See Global NAPs, Inc. v. Awiszus, 457 Mass. 489, 496-497 (2010); Bynes v. Sch. Comm. of Bos., 411 Mass. 264, 269 (1991); Leach v. Comm'r of Ma. Rehabilitation Comm'n, 63 Mass. App. Ct. 563 (2005) (MCAD's interpretation is "persuasive, though not binding, interpretive assistance" of employer's obligations under Chapter 151B).  Moreover, the agency has "no authority to promulgate rules and regulations that conflict with or exceed authority conferred by statute."  Global NAPs, Inc., 457 Mass. at 497 (citation omitted).

The only state court to address the issue directly has held that § 4(16) does not allow for associational claims and that the MCAD exceeded its delegated authority by construing the statute otherwise.  See Brelin-Penny v. Encore Images, No. 08-2244-B, 2010 WL 2636822, at *6 (Mass. Super. Ct. 2010), aff'd sub nom. Scott v. Encore Images, Inc., 80 Mass. App. Ct. 661, 670 (2011) (declining to reach the issue because it was not necessary to the final result).  But see Curley v. Sentry Insurance, No. 03-2825 (Mass. Super. Ct. Feb. 23, 2005) (permitting an associational disability claim to proceed past summary judgment by noting the MCAD's position on the issue and concluding it would be "premature to close a potential avenue of recovery to the plaintiff").  The Superior Court in Brelin-Penny noted that

Chapter 151B was "less generous" in this regard than the ADA, which expressly allows claims to be brought on an associational basis.  2010 WL 2636822, at *6.  It concluded that "[n]either the MCAD, nor the court, can add a category for 'associated persons' that the Legislature did not include in the statute." Id. (citing Macauley v. Ma. Comm'n Against Discrimination, 379 Mass. 279, 280 (1979) ("If the scope of the statute is to be extended, it must be done by legislation.").

This Court agrees with the Brelin-Penny decision and concludes that the statute is unambiguous and must be construed as written.  A court's duty when interpreting a statute is "to effectuate the intent of the Legislature in enacting it."  Global NAPs, Inc., 457 Mass. at 496.  It may not "add words to a statute that the Legislature did not choose to put there in the first instance." Id.  Rather, it "accord[s] the words of the statute their ordinary meanings ... with due regard to the statute's purposes."  Pyle v. Sch. Comm. of South Hadley, 423 Mass. 283, 286 (1996).  "Ordinarily, if the language of a statute is plain and unambiguous[,] it is conclusive as to legislative intent." Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837, 839 (1986); accord Global NAPs, Inc., 457 Mass. at 496.

The bounds of § 4(16) are well-delineated by its language and the definitional provisions cited above.  See, e.g., M.G.L. c. 151B § 1(16), (17) & (19).  The "unlawful activity" prohibited

is discrimination against a qualified but handicapped employee. That prohibition arises from the recognition that individuals with physical or mental impairment are "nevertheless capable of becoming productive and successful members of the workforce" and is intended to

> protect handicapped individuals from deprivations based on prejudice, stereotypes, or unfounded fear, while giving appropriate weight to such legitimate concerns of [employers] as avoiding exposing others to significant health and safety risks.

Dahill v. Police Dept. of Boston, 434 Mass. 233, 240 (2001) (internal citation omitted).

The statute is thus intended to regulate employers' actions with respect to their handicapped employees and does not afford standing to non-handicapped employees based on their association with a handicapped person. The MCAD's construction aggrandizes the statute's plain language and creates a new class of protected persons not contemplated by the statute. If there is to be a cause of action for "associational" discrimination, it ought to emanate from the Massachusetts legislature.

**ORDER**

In accordance with the foregoing, defendant's Motion to Dismiss Count III of the Amended Complaint (Docket No. 19) is ALLOWED.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 6, 2012